# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**CARL D. LUSK,**
  **Plaintiff,**

  v.              Case No. 16-C-1053

**SERGEANT COLE, SHANE GARLAND, JENNIFER R. GILBERSON, SERGEANT WEARY, and CORRECTIONAL OFFICER MODERN**
  **Defendants.**

---

## ORDER

Plaintiff Carl D. Lusk, an inmate at Green Bay Correctional Institution, brings this action alleging defendants violated his constitutional rights by being deliberately indifferent to his serious medical needs. On December 19, 2017, defendants moved for summary judgment for failure to exhaust administrative remedies. They also filed a motion requesting that I stay the discovery and summary-judgment deadlines pending my decision on their summary judgment motion. After defendants' motion for summary judgment was fully briefed, plaintiff filed a motion for me to consider facts on January 17, 2018. For the reasons stated below, I will grant defendants' motion for summary judgment, deny as moot their motion to stay discovery and summary-judgment deadlines, and grant plaintiff's motion to consider facts.

# I. BACKGROUND[1]

At all times relevant, plaintiff was incarcerated at the Green Bay Correctional Institution. Docket No. 55, ¶ 1. He alleges that he has asthma and that on December 25, 2015, defendants denied him his inhaler after he had been exposed to mace. Docket No. 56, Ex 1000-012. He filed an inmate complaint through the Department of Corrections' inmate complaint review system (ICRS) about the incident, and the complaint was received on January 4, 2016. *Id.*, ¶ 1; Docket No. 56, Ex 1000-012. It was dismissed with modification on January 19, 2016. Docket No. 56, Ex 1000-004.

Plaintiff attempted to appeal the dismissal by mailing his appeal form to the corrections complaint examiner using an envelope that belonged to another inmate. Docket No. 55, ¶ 2; Docket No. 58, ¶ 3. Plaintiff's appeal was found to have been submitted in violation of Wis. Admin. Code § DOC 303.40, Unauthorized Transfer of Property. Docket No. 56, Ex 1000-015. So it was returned to plaintiff with a letter explaining why. *Id.*, Docket No. 55, ¶ 4.

Plaintiff resubmitted his appeal form with a letter in which he acknowledged his violation and asked for reconsideration of his appeal because of his indigent status. Docket No. 55, ¶ 5; Docket No. 58, ¶ 2; Docket No. 61, ¶ 1. Due to backlog, the office of the reviewing authority had to delay the "time for deciding" the appeal. Docket No. 56, Ex 1000-06. The resubmitted appeal was ultimately dismissed as untimely under Wis. Admin. Code § 310.13(1). Docket No. 55, ¶ 6.

---

[1] The facts are taken from defendant's proposed findings of fact (Docket No. 55), plaintiff's response to defendants' proposed findings of fact (Docket No. 58), and plaintiff's proposed findings of fact (Docket No. 61). I have also considered and included facts set forth in the declaration of Cindy O'Donnell (Docket No. 56).

Plaintiff subsequently filed this lawsuit against the defendants at which time he requested and was granted a legal loan. Docket No. 61, ¶ 3.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

## III. ANALYSIS

The Prison Litigation Reform Act (PLRA) provides that a prisoner cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). Exhaustion requires that a prisoner comply with the rules applicable to the grievance process at the inmate's institution. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir.

2002). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The objective of § 1997e(a) is to "permit the prison's administrative process to run its course before litigation begins." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (quoting *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005)); *see also Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). The Seventh Circuit applies a "strict compliance approach to exhaustion," and expects prisoners to adhere to "the specific procedures and deadlines established by the prison's policy." *Dole*, 438 F.3d at 809; *see also Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016) (citations omitted).

Wisconsin has implemented the Inmate Complaint Review System (ICRS) under which inmate grievances concerning prison conditions or the actions of prison officials are "expeditiously raised, investigated and decided." Wis. Admin. Code § DOC 310.01. Under the ICRS, an inmate must file a complaint with the institution complaint examiner within fourteen calendar days after the occurrence giving rise to the complaint, unless good cause exists to excuse a delay. Wis. Admin. Code § DOC 310.09(6). The institution complaint examiner has the authority to return, investigate, or recommend a decision to an appropriate reviewing authority. Wis. Admin. Code § DOC 310.07(2)(a)–(c). If a reviewing authority renders a decision, the inmate may appeal that decision to the corrections complaint examiner within ten calendar days. Wis. Admin. Code § DOC 310.13(1). After receiving an appeal, the corrections complaint examiner shall issue a written receipt of the appeal to the inmate within five working days, and then recommend a decision to the Secretary of the Department of Corrections, who adopts

4

or rejects the recommendation. Wis. Admin. Code §§ DOC 310.13(4), DOC 310.14(2). The failure to properly exhaust each step of the grievance process constitutes failure to exhaust available administrative remedies. *Pozo*, 286 F.3d at 1025.

I find that plaintiff has failed to exhaust his administrative remedies for his claims in this case. Plaintiff submitted his inmate complaint within the prescribed timeline. However, his first appeal was returned because it violated Wis. Admin. Code § DOC 303.40. He used the envelope of another inmate to submit his appeal form. He thus failed to comply with the grievance process step that requires inmates to submit their complaints "under the name by which the inmate was committed to the department." Wis. Admin. Code § DOC 310.09(1)(d).

Although plaintiff later resubmitted his appeal using his own stationary, he submitted it outside the allotted timeframe. It was rejected as untimely. A grievance "rejected solely on the basis of untimeliness" does not satisfy the PLRA's exhaustion requirement. *Conyers v. Abitz,* 416 F.3d 580, 584 (7th Cir.2005); *see also Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir.2002). In order to exhaust, a prisoner "must take *all steps* prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir.2004) (emphasis added).

Plaintiff argues that he presented good cause for the corrections complaint examiner to accept his untimely appeal. However, plaintiff has not presented any evidence to show that the complaint examiner's rejection was improper. He claims he is indigent and did not have the funds to secure an envelope at the time he needed to file his appeal. However, he does not allege that he was not aware of or allowed to submit an application for a legal loan to do just that. In fact, he explains and attaches to his

5

response brief his later submitted and approved application for a legal loan that he secured to file this civil case. Moreover, that very form notes that it can be used to secure legal loans for the ICRS. *See* Docket No. 59, at 8.

Plaintiff's additional futility argument is also unpersuasive. He claims that if he had submitted an application for a legal loan at the time he needed to appeal his dismissed inmate complaint, it would not have been approved in time for him to timely file his appeal. He points to the length of time it took for him to get the legal loan he secured when he filed this civil case. However, even if the application was approved after the time required for plaintiff to file his appeal or was not approved for whatever reason, then at least plaintiff's *attempt* to secure the funds to timely and properly file his appeal would have been a significant factor for the corrections complaint examiner to use in his assessment of whether to accept the untimely appeal. Plaintiff, however, did not present the complaint examiner with that opportunity. Because his appeal was untimely and therefore properly rejected, plaintiff failed to exhaust his administrative remedies. *See Conyers,* 416 F.3d at 584

## **CONCLUSION**

**IT IS THEREFORE ORDERED** that defendants' motion for summary judgment for failure to exhaust administrative remedies (Docket No. 51) is **GRANTED**. The Clerk of the Court shall enter final judgment.

**IT IS FURTHER ORDER** that defendants' motion to stay the discovery and summary judgment deadline (Docket No. 52) is **DENIED as moot.**

**IT IS ALSO ORDERED** that plaintiff's motion for consideration of the facts (Docket No. 69) is **GRANTED**.

6

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin, this 25th day of June, 2018.

s/Lynn Adelman_____
LYNN ADELMAN
United States District Judge